† HALL & al. *versus* GILMORE.

A sale of goods, even on credit, if effected through false representations of the vendee, may be treated as void by the vendor, who may maintain replevin therefor without any previous demand.

If, in replevin, the same writ is used in different counties to reclaim the *plaintiff's goods,* the error, to be available to the defendant, must be shown in abatement.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

REPLEVIN, for sundry goods.

The defendant pleaded the general issue, with a brief statement that the goods were not the property of plaintiffs, but of one Caleb Wentworth, being attached by defendant on the several writs specified, against him.

The defendant was a deputy sheriff of both Penobscot and Waldo counties, and having sundry writs against Wentworth, for demands originating before he bought the goods, attached the goods as his, part of them being in Waldo, and the remainder in Penobscot.

Wentworth, a merchant of Stetson, purchased the goods of plaintiffs in Boston, on credit, under a representation of his solvency, which was false. He shipped the goods to Frankfort in this State, late in the season, but before their arrival he had mortgaged them, and after their arrival he sold and delivered them to one Shepley. The mortgage and sale was insisted on by plaintiffs, as having been made to defraud his creditors, which was not contested.

While Shepley was transporting the goods, the attachments were made by defendant.

On hearing of the attachments, plaintiffs sent their agent to Bangor, who first procured a writ of attachment against Wentworth, but finding nothing to attach, afterwards sued this writ of replevin, returnable to a term of the Court in Penobscot, and by the same writ, took the goods found in Penobscot, and a part of them found in Waldo county.

This appeared from the returns made on the writ by the coroners of the two counties.

This action was entered at the April term, 1854.

At the Jan. term, 1855, this cause came on for trial, when the defendant's counsel moved for a return of so many of the goods as were returned as replevied in Waldo county. This motion was not granted. And after the evidence in the case was presented, it was agreed to submit the whole case to the Court, to render a judgment according to law.

*Rowe & Bartlett,* for defendant, contended, that the *transitus* was at an end when the goods came into the vendee's possession, at a place where he has a right to it. That if Wentworth's purchase was fraudulent, the sale was voidable, not void. *Rowley* v. *Bigelow,* 12 Pick. 312.

That the sale was ratified and confirmed by plaintiffs after they had obtained full knowledge of the misrepresentation. PARK, J., in *Campbell* v. *Fleming,* 1 Ad. & El., 40; PARSONS, C. J., in *Kimball* v. *Cunningham,* 4 Mass. 505.

That there were no steps taken to avoid the sale, no rescinding, no claim of property in the goods, no demand, till the writ was served; but merely a request for the delivery, without any reason given therefor, and that after the writ was put into the officer's hands.

That no judgment can be rendered for plaintiffs for that portion taken in Waldo county; they had no authority by the writ. There was no pretence of any demand made on defendant for those goods in the county where he had taken and kept them. They should therefore be returned.

*A. W. Paine,* for plaintiffs.

1. The plaintiffs had the right to rescind the sale on account of the fraud practiced upon them by Wentworth. As between vendor and vendee this principle is undoubted. Nor can it be less certain as against an officer making attachments of them on demands which accrued before the sale. *Buffington* v. *Gerrish,* 15 Mass. 156; *Gilbert* v. *Hudson,* 4 Greenl. 345; *Hawes* v. *Dingley,* 17 Maine, 341.

2. The plaintiffs claim the right of *stoppage in transitu.* The fraudulent sales made by Wentworth cannot affect their right. *Wight* v. *Campbell,* 4 Burr. 2046; 1 Smith's Lead.

Cases, 719; *Cummings* v. *Brown*, 9 East, 514; 1 Smith's Lead. Cases, 746 and 764.

The goods never reached their destination, and the right of stoppage has always been recognized in such cases. *Whitehead* v. *Anderson*, 9 M. & W., 518; 1 Smith's Lead. Cases, 763.

The right of stoppage then existed, but if this ground fails, the fraud will be sufficient. In either case replevin is sustainable.

3. The action was not prematurely brought. No demand was necessary, though the attachment existed. *Seaver* v. *Dingley*, 4 Greenl. 306; *Ayers* v. *Hewett*, 19 Maine, 281; *Bussing* v. *Rice*, 2 Cush. 48; *Hill* v. *Freeman*, 3 Cush. 257.

4. Can any advantage be taken because the action is brought for all the goods in Penobscot?

This action is local, and any objection to it should be made in abatement. It was too late at the trial to take an advantage of such an error. *Wilson* v. *Nichols*, 29 Maine, 566.

5. But if in error on the latter point, no return of any part of the property should be ordered. The plaintiff had the right in the property, and might have seized it without an officer. When the plaintiff is shown to have the title or right of possession, the defendant cannot be entitled to a return. 2 Greenl. Ev., 562; *Ingraham* v. *Martin*, 15 Maine, 373; *Wheeler* v. *Train*, 4 Pick. 168; 1 Smith's Lead. Cases, 409; *Simpson* v. *McFarland*, 18 Pick. 427.

APPLETON, J. — When a purchase of goods is effected by means of false and fraudulent representations on the part of the buyer, the seller may treat the sale, though on credit, as void, and maintain trover or replevin for the goods sold. *Ayers* v. *Hewett*, 19 Maine, 281. No demand in such case is necessary, as the original taking, being with a fraudulent design, is tortious. *Bussing* v. *Rice*, 2 Cush. 48.

From the testimony of Tozier, which is uncontradicted, it

appears that Wentworth represented himself as solvent, and as owning personal and real estate, free from incumbrances, sufficient to meet all his liabilities, and that the sale was made upon the strength of his representations, which are admitted to have been false. Before the goods reached their place of destination, they were sold by Wentworth in fraud of his creditors. They were likewise attached by the defendant, a deputy sheriff, having various writs on demands originating prior to their purchase.

It is true, Wentworth had previously made other purchases of the plaintiffs, at which times no representations were made. But it does not therefore follow that the representations alleged to be made were not made; nor that the goods were not sold on their faith. There is nothing that would justify us in regarding the testimony of the plaintiffs' witness as perjurious, and if he be believed, the action is maintainable.

A part of the goods in dispute were replevied in the county of Waldo and a part in this county, by virtue of the same process. The law is well settled that replevin must be brought in the county where the original taking was or where the chattel is detained. *Pease* v. *Simpson*, 3 Fairf. 261. The general issue was pleaded. No plea in abatement was filed. The replevying in this county was rightful. As to the goods taken in Waldo, the defendant shows no right. The plaintiffs do show a title to them. The defendant, to entitle himself to a return, must show property in himself or in the debtor as whose property they were attached. This he fails to do, and must be defaulted. *Ingraham* v. *Martin*, 15 Maine, 373; *Wheeler* v. *Train*, 4 Pick. 168; *Simpson* v. *McFarland*, 18 Pick. 427; *Pierce* v. *Van-Dyke*, 6 Hill, 613.        *Defendant defaulted.*